IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DONNA GLOFF,                    )
                                )
        Plaintiff,              )   Civil Action No. 2:07-cv-736
                                )   District Court Judge McVerry
    v.                          )   Magistrate Judge Caiazza
                                )
AETNA HEALTH, INC.,             )
                                )
        Defendant.              )
                                )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

Donna Gloff ("Gloff" or "the Plaintiff") filed suit in state court against Aetna Health, Inc. ("Aetna" or "the Defendant") alleging breach of contract, a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, bad faith, and misrepresentation in connection with Aetna's refusal to provide insurance coverage for her 2005 corrective cosmetic breast surgery.  Def.'s Br. (Doc. 5) at 1.  Aetna removed this case to federal court, and filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the Employee Retirement Income Security Act ("ERISA") preempts Gloff's state law claims.  *Id*. at 4.  It is respectfully recommended that this Motion be granted, without prejudice.

**REPORT**

## I. BACKGROUND

In or around 1995, Gloff began experiencing problems associated with breast implants. Pl.'s Br. (Doc. 6) at 1. When less aggressive medical treatment failed to solve these problems, Gloff's physician recommended that the implants be removed. *Id*. at 2. This procedure was performed in 2005. *Id*.

Gloff then submitted a claim to Aetna, under whom she was insured through Progas, her husband's employer. *Id*. at 1. The Defendant denied her claim, asserting that corrective cosmetic surgery was not covered under Gloff's insurance plan ("the Plan"). Def.'s Br. at 1. The Plaintiff's administrative appeals were denied. Pl.'s Br. at 2; Def.'s Br. at 3-4 (detailing the administrative process).

Having exhausted her administrative remedies, Gloff filed this action. Aetna has filed the pending Motion to Dismiss, arguing that the Plaintiff's insurance plan qualifies as an ERISA plan and, therefore, state law claims based on plan coverage are completely preempted.

## II. ERISA's Applicability

Gloff agrees that if ERISA applies, her state claims are preempted. She contends, however, that the Plan is not an ERISA plan because Progas did not file an ERISA mandated report

-2-

("Form 5500") detailing its employees' benefit plans.  *See* Pl.'s Br. at 3; 29 U.S.C. § 1023 (requiring annual report for all employee welfare-benefit plans).[1]  The Defendant disputes that Progas failed to file a completed Form 5500, but argues that, in any event, a failure to file this form does not change the Plan's status as an ERISA plan.  *See* Def.'s Reply at 2.

While the Court of Appeals for the Third Circuit has not directly addressed this issue, other Courts of Appeals have routinely held that the failure to comply precisely with ERISA's disclosure requirements does not remove an insurance plan from ERISA coverage.  *See Gilbert v. Burlington Indus., Inc.*, 765 F.2d 320, 328-29 (2d Cir. 1985) (failing to file annual report does not estop defendant from asserting complete preemption); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir. 1984) (holding that ERISA protects employee's interest regardless of employer's compliance with ERISA's reporting requirements); *Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir. 1982) (failing to adhere to reporting standards does not affect coverage under ERISA).

---

[1] Aetna argues, without opposition, that, the Form 5500 filing issue aside, the Plan is governed by ERISA.  Def.'s Reply (Doc. 7) at 2-4.  The "crucial factor in determining whether a[n ERISA] 'plan' has been established is whether the employer has expressed an intention to provide benefits on a regular and long-term basis." *Diebler v. United Food and Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992).  Progas' contract with Aetna to provide health insurance benefits to its employees demonstrates this intent; the Plan is the epitome of the type of employee welfare-benefits plan ERISA was intended to cover.  *See* Def.'s Ex. A (Doc. 5-2) (miscited as Def.'s Ex. B).

ERISA was enacted in order to protect the well-being and security of working men and women by guarding their interests in maintaining employee benefit plans.  *See Donovan*, 688 F.2d at 1370, 1372.  To allow Aetna to avoid the requirements of ERISA because it failed to file Form 5500 would contravene the Act's purpose.  *See Gilbert*, 765 F.2d at 328-29.

Congress has demonstrated that it did not intend to exclude employee welfare-benefits plans from ERISA's coverage simply because an employer fails to adhere to all disclosure requirements.  It did so by setting out, in the text of ERISA, criminal penalties for these violations.  *See* 29 U.S.C. § 1131; *See also Holcomb v. Pilot Life Insurance Co.*, 754 F.Supp. 524, 527 (N.D. Miss. 1991).  Had Congress intended that a failure to comply with the reporting and disclosure requirements excluded an employee welfare-benefits plan from coverage under ERISA, it would not have included these penalties in the Act.  *See Holcomb*, 754 F.Supp. at 527.

The Court of Appeals for the Third Circuit has implicitly agreed that a failure to file a Form 5500 does not exempt an employee welfare-benefits plan from ERISA's coverage.  *See generally Ackerman v. Warnaco, Inc.*, 55 F.3d 117 (3d Cir. 1995); *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990).  Both *Ackerman* and *Hozier* addressed employers' reporting and disclosure violations; significantly, the court analyzed the

-4-

cases under ERISA's provisions for criminal penalties.  *See generally Ackerman*, 55 F.3d at 117; *Hozier*, 908 F.2d at 1155. The Court did not directly address the issue of whether a failure to file Form 5500 affects ERISA's applicability in either case. It is clear, however, that the court would not have looked to ERISA's criminal penalties provisions if the employers' failure to comply with ERISA's reporting and disclosure requirements removed the plan from ERISA's coverage.

Against this backdrop, the court finds that Progas' alleged failure to file Form 5500 does not exclude Gloff's insurance plan from coverage under ERISA.  Therefore, Aetna's Motion to Dismiss should be granted, without prejudice to Gloff's right to amend her complaint to allege causes of action available under ERISA.

### III.  CONCLUSION

The Defendant's Motion to Dismiss should be granted without prejudice.

In accordance with the Magistrate's Act, 29 U.S.C. § 636(b)(1)(B) and (c), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 7, 2007.  Responses to objections are due by September 17, 2007.

August 22, 2007

                                               /S/ Francis X. Caiazza
                                               Francis X. Caiazza
                                               U.S. Magistrate Judge

cc:

Counsel of Record
Via electronic mail